UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL DESAPIO,

    Plaintiff,

vs.   CASE NO.:

FLORIDA'S FINEST LAWN & PEST CONTROL, INC., a Florida For Profit Corporation, and KYLE OWENS, Individually,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MICHAEL DESAPIO, by and through the undersigned attorney, sues the Defendants, FLORIDA'S FINEST LAWN & PEST CONTROL, INC., a Florida Corporation, and KYLE OWENS, Individually, and alleges:

1. Plaintiff, MICHAEL DESAPIO, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**General Allegations**

2. Plaintiff, MICHAEL DESAPIO was an employee who worked at Defendants' property within the last three years in Orange County, Florida.

3. Plaintiff, MICHAEL DESAPIO, worked for Defendants as a salary paid employee at an hourly rate of $900.00 per week.

4. Plaintiff, MICHAEL DESAPIO, worked as a Lawn Spray Technician for Defendants.

5. Plaintiff, MICHAEL DESAPIO, did not have the ability to hire or fire employees.

1

6. Plaintiff, MICHAEL DESAPIO, did not have the ability to set the pay rates of other employees.

7. Plaintiff, MICHAEL DESAPIO, did not set the work schedule for other employees.

8. Plaintiff, MICHAEL DESAPIO, did not have any managerial authority over any other employees.

9. Therefore, at all times material to this cause of action, Plaintiff, MICHAEL DESAPIO, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

10. Defendant, FLORIDA'S FINEST LAWN & PEST CONTROL, INC., is a Florida for profit Corporation that operates and conducts business in Orange County, Florida and is therefore, within the jurisdiction of this Court.

11. According to Florida's Division of Corporations website, Defendant, FLORIDA'S FINEST LAWN & PEST CONTROL, INC. lists its principal place of business as 322 Maguire Road, Ocoee, Florida 34761.

12. Defendant, FLORIDA'S FINEST LAWN & PEST CONTROL, INC., operates by providing lawn care, pest prevention, terminate protection, weed control, mosquito control, and tree/shrub care to its customers. See www. WeControlBugs.com

13. At all times relevant to this action, KYLE OWENS was an individual resident of the State of Florida, who owned and operated FLORIDA'S FINEST LAWN & PEST CONTROL, INC., and who regularly exercised the authority to: (a) hire and fire employees of FLORIDA'S FINEST LAWN & PEST CONTROL, INC.; (b) determine the work schedules for the employees of FLORIDA'S FINEST LAWN & PEST CONTROL, INC., and (c) control the finances and operations of FLORIDA'S FINEST LAWN & PEST CONTROL, INC.. By virtue of having

regularly exercised that authority on behalf of FLORIDA'S FINEST LAWN & PEST CONTROL, INC., KYLE OWENS is/was an employer as defined by 29 U.S.C. § 201, et seq.

14. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

15. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

16. During Plaintiff's employment with Defendants, Defendant, FLORIDA'S FINEST LAWN & PEST CONTROL, INC., earned more than $500,000.00 per year in gross sales.

17. Defendant, FLORIDA'S FINEST LAWN & PEST CONTROL, INC., employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

18. During Plaintiff's employment, Defendant, FLORIDA'S FINEST LAWN & PEST CONTROL, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, lawn care products, lawn chemicals, grass pallets, pest control chemicals, lawn mowers, and other tools/materials used to run the business.

19. Therefore, at all material times relevant to this action, Defendant, FLORIDA'S FINEST LAWN & PEST CONTROL, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

20. Additionally, Plaintiff, MICHAEL DESAPIO, is individually covered under the FLSA.

21. The undersigned counsel has made efforts to resolve this matter without litigation but those efforts have been met without success. Specifically, the undersigned counsel sent correspondence via certified mail to Defendants' registered agent outlining the allegations contained

in this suit, and requested Plaintiff's pay and time records. At the time of this filing, Defendants have not responded to said correspondence.

### FLSA Violations

22. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

23. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

24. Specifically, Plaintiff routinely worked in excess of forty (40) hours per week without additional overtime compensation.

25. Plaintiff regularly began work at 6:00 a.m. and did not finish working until approximately 5:30-6:00 p.m., five (5) days a week.

26. Additionally, if Plaintiff worked less than a full day of work, Defendants reduced his pay for the pay period to reflect any half days worked.

27. Based on the above deductions for working a half day, Plaintiff is entitled to the full time and one-half rate for all hours worked in excess of forty (40) per week.

28. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

29. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-29 above as though stated fully herein.

31. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

32. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

33. Plaintiff was paid his salary for all hours worked regardless of how many overtime hours were worked in the workweek.

34. Defendants have failed provide accurate overtime compensation for numerous pay periods.

35. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

36. In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

37. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

38. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

39. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, MICHAEL DESAPIO demands judgment against Defendants for

unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this ___28___ day of August, 2019

_____
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff